UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

––––––

JEFFERY CARNEY et al.,

                    Plaintiffs,                        Case No. 2:07-cv-83

v.
                                                  Honorable Wendell A. Miles

ROBERT TREADEAU, et al.,

                    Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by eleven state prisoners pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiffs leave to proceed *in forma pauperis*, and each Plaintiff has paid his initial partial filing fee. This matter is presently before the court on Plaintiffs' Motion to Certify Class (docket #3). For the reasons discussed below, I recommend that the Motion to Certify Class be denied, and this action be dismissed without prejudice.

## BACKGROUND

The eleven plaintiffs are currently incarcerated at the Baraga Maximum Correctional Facility. They bring this action against 92 named defendants, a group of six unknown defendants, and a second group of four unknown defendants. Collectively, they assert twenty-seven claims. Plaintiff Carney asserts the following seven claims: (1) denial of access to the courts, (2) denial of a religious diet, (3) denial of due process at his misconduct hearing, (4) excessive force, (5) cruel and unusual punishment as a result of occasional denial of showers and denial of medically necessary shoes, (6) denial of adequate medical treatment, and (7) denial of magazines and oversized

envelopes. (Claims I through VII, pp. 109-14).  Plaintiff Schultz asserts one claim of inadequate

medical treatment for his psoriasis. (Claim VIII, pp. 114-15).  Plaintiff Jarrett claims he was denied

a blood test and access to a neurologist. (Claim IX, pp. 115-16).  Plaintiff Skinner claims he was

subjected to homosexual remarks and placed on food loaf. (Claim X, p. 116).  Plaintiff Cox claims

he was denied showers, mail and food, and subjected to threats and derogatory remarks, (Claim XI,

p. 117), and that he experienced a loss of personal property.  (Claim XXV, p. 125).  Plaintiff Lefevre

claims he was subjected to excessive force (Claim XII, pp. 117-18), denied medical treatment after

the assault, (Claim XIII, p. 118), and denied adequate medical treatment in other respects. (Claim

XXVI, p. 125).  Defendant Autman claims that certain defendants violated Michigan Department

of Corrections policy, relied on false reports and conducted a biased investigation with regards to

his major misconduct hearing (Claim XIV, p. 119), and denied him adequate medical care.  (Claim

XV, p. 119).  Plaintiff Manson asserts the following six claims: (1) denial of access to courts, (2)

subjected to a chemical assault, (3) denial of food tray and subjected to racial slurs, (4) denial of

adequate medical care, (5) unsanitary conditions, (Claims XVI through XX, pp. 120-22), and (6)

mishandling of legal mail.  (Claim XXVII, p. 126).  Plaintiff Powell claims he was denied medical

treatment when certain defendants ignored a splinter in his finger, failed to treat his broken finger,

and conducted medical procedures without a license.  (Claim XXI, pp. 122-23). Plaintiff Patterson

claims he was retaliated against.  (Claim XXII, pp. 123-24).  Plaintiff McCollough claims he was

denied adequate medical treatment.  (Claim XXIII, p. 124).  Finally, Plaintiffs Carney, Schultz,

Jarrett, Cox, Skinner, Lefevre, Patterson and McCullough claim that certain defendants conspired

to deprive them of all in-cell activity, mental health evaluations, and access to the courts. (Claim

XXIV, p. 125).

2

For relief, Plaintiffs seek money damages, an order reinstating meaningful in-cell activity and mental health evaluations, and an injunction eliminating the restriction of cable television access on the administrative segregation unit.

DISCUSSION

The purpose of class action suits are judicial economy and the opportunity to bring claims that would not be brought absent the class action because it might not be economically feasible to bring them as individual claims.  *See Reeb v. Ohio Dep't of Rehab. & Corr.,* 435 F.3d 639, 650 (6th Cir. 2006).  Federal Rule of Civil Procedure 23, which governs class certification, provides that:

> One or more members of a class may sue ... as representative parties on behalf of all only if (1) the class is so numerous that joinder is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P.  23(a).  The four prerequistes for class certification are respectively referred to as "numerosity, commonality, typicality, and adequacy of representation."  *See, e.g., Daffin v. Ford Motor Co.*, 458 F.3d 549 (6th Cir. 2006); *Reeb,* 435 F.3d at 645; *Golden v. City of Columbus*, 404 F.3d 950, 965 (6th Cir. 2005); *Coleman v. Gen. Motors Acceptance Corp.,* 296 F.3d 443, 446 (6th Cir. 2002).   If the requirements of Rule 23(a) are met, the person seeking class certification must also establish that the case satisfies one of the three types of class actions set forth in Rule 23(b).  *Alkire v. Irving*, 330 F.3d 802, 820 (6th Cir. 2003).  The first type of case maintainable as a class action is one in which separate actions by individual class members would risk establishing

"incompatible standards of conduct for the party opposing the class," or would "be dispositive of the interests" of nonparty class members.  Fed. R. Civ. P.  23(b)(1)(A) and (B).   The second type of class action requires that the plaintiffs primarily seek injunctive or declaratory relief.  Fed. R. Civ. P. 23(b)(2).  The third type of class action requires that "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).  *See also Alkire*, 330 F.3d at 820.

The plaintiffs bear the burden of establishing the right to class certification.  *See In re Am. Med. Sys.*, 75 F.3d 1069, 1086 (6th Cir. 1996).  The court's discretion in deciding whether to certify a class must be exercised within the framework of Rule 23.  *Id.* at 1079 (citations omitted). Before certifying a class, the court must conduct a "rigorous analysis" of whether Rule 23 prerequisites are met.  *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982).  In making its analysis, the court may not consider the merits of the case, *see Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974), but must accept the allegations of the complaint as true and resolve doubts in favor of the plaintiffs.  *See Cross v. Nat'l Trust Life Ins. Co.*, 553 F.2d 1026, 1029 (6th Cir. 1977).  The court may draw reasonable inferences from the facts before it. *See Senter v. Gen. Motors Corp.,* 532 F.2d 511, 520 (6th Cir.1976).

### Rule 23(a)

Numerosity

There is no automatic cut-off point at which the number of plaintiffs makes joinder impractical, thereby making a class-action suit the only viable alternative.  *See Bacon v. Honda of America Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004); *In re America Med. Sys. Inc.,* 75 F.3d at 1079.

4

Plaintiffs contend that the putative class consists of all persons confined in the Michigan Department of Corrections (MDOC) who (1) are, or will be, subjected to cruel and unusual punishment, (2) have been stripped of their rights to have their grievances addressed in a court of law, (3) have been denied adequate mental health care, (4) are housed in security level V segregation without adequate educational, recreational and religious programs, and (5) have experienced mishandling or theft of legal and personal mail.  There are no factual allegations demonstrating that all persons in the custody of the MDOC would qualify as members of the purported class, nor have Plaintiffs indicated what percentage of MDOC prisoners would qualify as class members.  Moreover, not every one of the eleven Plaintiffs has claims based upon each of the asserted class claims.  Therefore, I conclude that Plaintiffs have failed to satisfy their burden of establishing that "joinder of all members is impracticable."  FED. R. CIV. P. 23(a)(1).

<u>Commonality and typicality</u>

The commonality and typicality requirements "tend to merge," and together "serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class members are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Rutherford v. City of Cleveland*, 137 F.3d 905, 909 (6th Cir. 1998).

Not every common question will suffice to satisfy the commonality requirement because, "at a sufficiently abstract level of generalization, almost any set of claims . . . could display commonality." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1988).  The test is whether there is "a common issue the resolution of which will advance the litigation." *Id.*

5

_____The purpose of the typicality requirement is to assure that the named representatives' interests align with those of the class. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The focus is on "differences between class representative claims and class claims that would defeat the representative nature of the class action." *Van Vels v. Premier Athletic Ctr. of Plainfield*, 182 F.R.D. 500, 510 (W.D. Mich. 1998). "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." *Sprague*, 133 F.3d 388, 397 (6th Cir. 1988). The typicality requirement is met only if the plaintiffs' claims arise from the same event, practice or course of conduct that gives rise to the claims of the other class members. *See Little Caesar Enter., Inc. v. Smith*, 172 F.R.D. 236, 242-43 (E.D. Mich. 1997). It is not met where a "named plaintiff who proved his own claim would not necessarily have proved anybody else's claim." *Bacon v. Honda of America Mfg.*, 205 F.R.D. 466, 481 (S.D. Ohio 2001).

In the instant case, the potential class members are too diverse to warrant class treatment. The individual claims do not arise from the same set of facts. Even those claims couched in the same language (i.e., inadequate medical care) are based upon different facts and generally implicate different defendants.[1] The injunctive relief requested would fail to provide a remedy for each of the individual claims, and the variety of alleged injuries would affect the amount of damages any individual class member might be entitled to. Based upon the individualized nature of each named Plaintiffs' claims and alleged injuries, this is not a case where a named plaintiff proving his

---

[1]For example, Plaintiff Autman's medical claim (Claim XV) is asserted against Defendants Miller, Moran, Williams, and Unknown defendant; Plaintiff Manson's medical claim (Claim XIX) is asserted against Defendants Johnson and Sweet-Brown; Plaintiff Powell's medical claim (Claim XXI) is asserted against Defendants Frontera, DiBiaca, Bostwick, Hill, and Sweet-Brown; Plaintiff McCollough's medical claim (Claim XXIII) is asserted against Defendant Miller; and Plaintiff Lefevre's medical claim (Claim XXVI) is asserted against Defendants Frontera and Kotila. Likewise, Plaintiff Lefevre brings his excessive force claim (Claim XII) against Defendants Bartle, Huhta, and 8 Unknown defendants; Plaintiff Manson brings his chemical assault claim (claim XVII) against Defendants Rush and Vilmer.

own claims would prove the claims of any other named plaintiff or the claims of other members of the proposed class. Accordingly, I conclude that Plaintiffs have not met their burden of establishing the commonality and typicality requirements.

                    Adequacy of representation

            Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). The Sixth Circuit has explained that this adequacy of representation requirement encompasses two criteria: (1) the representative plaintiffs must have common interests with unnamed members of the class; and (2) it must appear that the representative plaintiffs will vigorously prosecute the interests of the class through qualified counsel. *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976). The Fourth Circuit has held that incarcerated, *pro se* litigants are inappropriate representatives of the interests of others. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Sule v. Story*, No. 95-1422, 1996 WL 170156, at * 1 (10th Cir. Apr. 11, 1996) (collecting cases). In numerous unpublished decisions, the Sixth Circuit has followed the Fourth Circuit's decision in *Oxendine*. *See Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000); *Ballard v. Campbell*, No. 98-6156, 1999 WL 777435, at *1 (6th Cir. Sept. 21, 1999); *Giorgio v. Tennessee*, No. 95-6327, 1996 WL 447656, at *1 (6th Cir. Aug. 7, 1996); *Marr v. Michigan*, No. 95-1794, 1996 WL 205582, at * 1 (6th Cir. Apr. 25, 1996); *Barnes v. Dunn*, No. 91-5889, 1991 WL 243553, at *1 (6th Cir. Nov. 21, 1991); *Stanko v. Story*, No. 90-6549, 1991 WL 73257 (6th Cir. May 7, 1991). Accordingly, because Plaintiffs are incarcerated, *pro se* litigants, I conclude that they are not appropriate representatives of the class.

## Rule 23(b)

Even assuming Plaintiffs satisfied the prerequisites of Rule 23(a), their motion for class certification would fail because they have not demonstrated that they satisfy the requirements of Rule 23(b).  Rule 23(b)(1) provides for class actions where separate actions by individual class members would risk establishing "incompatible standards of conduct for the party opposing the class," or would "be dispositive of the interests" of nonparty class members.  Fed. R. Civ. P. 23(b)(1)(A) and (B).  Applying this language to the present case, considering the variety of fact specific claims asserted in this case, I conclude that the record demonstrates that joinder of all prisoners currently within the custody of the MDOC would be unwarranted.

Rule 23(b)(2) provides for class actions where the primary relief sought is injunctive or declaratory, and any compensatory damages inure to the group's benefit. *See Reeb,* 435 F.3d at 651. Cases in which the plaintiffs seek damages that require individual calculations are not appropriately brought as class actions under Rule 23(b)(2) because individual claims for money damages will always predominate over injunctive or declaratory relief. *Id.* In the instant case, individual Plaintiffs seek compensatory, nominal and punitive damages against various Defendants, as well as injunctive relief. (*See* Compl. at p. 127).  Each Plaintiff complains of specific conduct which did not affect all of the Plaintiffs, and which clearly did not affect all proposed class members. Moreover, the alleged injuries sustained by each Plaintiff vary considerably. The injunctive relief the Plaintiffs seek would likewise not provide a remedy for claims asserted by all of the Plaintiffs. Accordingly, I conclude that Plaintiffs' primary request for relief is neither injunctive nor declaratory in nature.

8

A class action under Rule 23(b)(3) requires that "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Based upon the analysis of the commonality and typicality requirements, issues affecting individual Plaintiffs predominate over issues raised by common claims. As a class action, the court or jury would be under a substantial burden to separately adjudicate different claims given the individualized analysis that would be required. I conclude that maintaining this case as a class action would not be a superior method of adjudication.

## **Misjoinder**

Federal Rule of Civil Procedure 20 provides that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action." FED. R. CIV. P. 20. Rule 21 authorizes the court to dismiss any misjoined party or claim at any stage of a lawsuit. FED. R. CIV. P. 21. "The manner in which a trial court handles misjoinder lies within that court's sound discretion." *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988). Upon review of Plaintiffs' 134-page complaint, it is apparent that the individual Plaintiffs' claims do not arise out of the same transaction, occurrence or series of transactions and occurrences, nor do the claims present a question of law or fact common to all Plaintiffs. The complaint names multiple Defendants and contains numerous claims concerning unconnected issues, such as denial of due process in misconduct hearings, inadequate medical care, denial of access to the courts, retaliation, harassment,

9

unsanitary conditions, and excessive force.  Plaintiffs appear to be attempting to bring multiple, separate lawsuits by filing one complaint.  Accordingly, I recommended that the Court dismiss this action without prejudice so that each individual Plaintiff may separately refile their claims against the appropriate defendants.

CONCLUSION

For the reasons discussed above, I conclude that Plaintiffs have not satisfied the requirements of Federal Rules of Civil Procedure 23(a) or (b) for certifying a case as a class action, and therefore, the Motion for Class Certification should be denied.  I further conclude that Plaintiffs' numerous, unrelated claims against numerous Defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and the case should, therefore, be dismissed without prejudice.

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   September 6, 2007

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).