UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFERY CARNEY, #188923,
*et al.*,

        Plaintiffs,

v                                       Case No. 2:07-cv-83

ROBERT TREADEAU,                Hon. Wendell A. Miles
*et al.*,

        Defendants.

_____/


ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


        The 11 named plaintiffs in this action are state prisoners.  The majority of them are currently confined at Michigan's Baraga Maximum Correctional Facility, while two are confined at the Ionia Maximum and Oaks Correctional Facilities (Randall Lefevre and De'Andre Manson, respectively).  The complaint asserts numerous claims against even more numerous defendants (both known and unknown) under 42 U.S.C. § 1983 and state law.[1]  Plaintiff Jeffery Carney has also filed a Motion to Certify Class (doc. no. 3).

        On September 6, 2007, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R & R") recommending that the Motion to Certify Class be denied and that the action be dismissed without prejudice.  Plaintiff Carney alone has filed

_____

        [1]Plaintiffs originally filed their complaint in the Eastern District of Michigan, which transferred the case here.

objections to the R & R (doc. no. 47).  The court, having reviewed the R & R, and having considered *de novo* those portions to which specific objection has been made, agrees with the recommendation to deny the Motion to Certify Class and to dismiss all claims, with the exception of the claims of plaintiff Carney, the first-named plaintiff.

<u>**Discussion**</u>

The Magistrate Judge concluded that (1) plaintiffs have not satisfied the requirements of Fed.R.Civ.P. 23(a) or (b) for certifying a class action, and (2) plaintiffs' numerous, unrelated claims against even more numerous defendants are improperly joined in one action and subject to dismissal under Fed.R.Civ.P. 21.  Plaintiff Carney objects to each of these conclusions.

At the outset, it is noted that plaintiff Carney is the only party who has filed timely objections to the R & R.  A party who does not object to the legal and factual conclusions of a magistrate judge's report and recommendation waives those issues for appeal.  <u>See</u> <u>generally</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>see</u> <u>also</u> <u>Wilson v. McMacken</u>, 786 F.2d 216, 220 (6th Cir.1986).  Although plaintiff Carney clearly intends his objections to be deemed presented on behalf of all of the plaintiffs, as an unrepresented party he is prohibited from signing any papers on behalf of other parties; they must do so themselves or through counsel.  <u>See</u> Fed.R.Civ.P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented"); W.D.Mich.L.Civ.R. 10.3  ("All pleadings and other papers shall contain the date of signing and the address and telephone number of the signing attorney or pro se party").  Therefore, the court concludes that all plaintiffs with the exception of plaintiff Carney have waived objections to the

2

R & R.[2]

The Magistrate Judge was correct in concluding that the Motion to Certify Class should be denied. The fact that all plaintiffs are *pro se* provides a sufficient basis in itself for denial of the motion. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." <u>Fymbo v. State Farm Fire and Cas. Co.</u>, 213 F.3d 1320, 1321 (10th Cir. 2000) (citing 28 U.S.C. § 1654)). "This is so because the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" <u>Id</u>. (quoting <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir.1975)). Moreover, the requirement of Fed.R.Civ.P. 23(a)(4) for representative parties who "will fairly and adequately protect the interests of the class" is not satisfied where the representatives are incarcerated *pro se* litigants.

Plaintiff Carney argues that the "class" was going to seek counsel "once they passed summary judgment in this matter." However, appointment of counsel in a civil case is not a constitutional right, but rather a privilege that is justified only by exceptional circumstances. <u>Lavado v. Keohane</u>, 992 F.2d 601, 605-606 (6th Cir. 1993). It would be putting the cart before the horse for the court to certify a class based on contingent events such as survival of the case to summary judgment and the location of an attorney both willing and able to take on a case of the tremendous magnitude proposed by plaintiffs.[3]

_____

[2]Plaintiff Carney's objections as well as other motions he has filed in the case are not accompanied by proof of service on each of his fellow plaintiffs, notwithstanding the clear requirements of Fed.R.Civ.P. 5 and W.D.Mich.L.Civ.R. 5.2. Therefore, it is unclear whether the other plaintiffs are even aware of the contents of plaintiff Carney's objections.

[3]Fed.R.Civ.P. 23(g) requires the appointment of class counsel in an action certified under the rule, "[u]nless a statute provides otherwise[.]" However, although 28 U.S.C. § 1915(e)(1) permits the court to "request an attorney to represent any person unable to afford counsel[,]" the
(continued...)

In any event, the court notes that plaintiff Carney's proposed class – which would consist of all prisoners within the custody of the Michigan Department of Corrections ("MDOC") – is simply not justified by the allegations of the complaint.  As the Magistrate Judge correctly noted, the complaint contains no factual allegations demonstrating that all persons confined by the MDOC would qualify as members of the proposed class; the complaint simply does not state that any other prisoner apart from the named plaintiffs is a member of the class or suffered any injury.  Absent common allegations and a proper common representative, this case simply cannot proceed as a class action under Rule 23.[4]

May the case proceed at all?  The Magistrate Judge concluded that plaintiffs' numerous, unrelated claims against numerous defendants were not properly joined and should therefore be dismissed without prejudice.  In addition, as stated in the R & R, "Plaintiffs appear to be

---

[3](...continued)
statute does not provide the court with the power to order – as opposed to merely request – representation for plaintiffs.

[4]In his objections, plaintiff Carney argues that this case may be brought as a class action because it involves prisoner health care, which, he contends is in need of an "overhaul." Plaintiff Carney refers specifically to the Hadix v. Johnson case.  In that case, Everett Hadix and ten other prisoners brought a class action suit on behalf of all prisoners incarcerated at the State Prison of Southern Michigan, Central Complex against various state prison officials.  The suit, which alleged unconstitutional conditions of confinement, resulted in a comprehensive consent decree.  See, e.g., Hadix v. Johnson, 228 F.3d 662, 664 (6th Cir. 2000).  Hadix, however, does not supply authority for permitting every prisoner complaint of inadequate health care to proceed as a class action.  Moreover, the law has changed since that case was filed.  Currently, the law limits the extent of prospective relief which can be ordered with respect to prison conditions. See 18 U.S.C. § 3626(a)(1)(A) (providing that such relief "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs").

It is noted that plaintiff Carney is also a named party in an earlier-filed case currently pending in the Eastern District of Michigan, Brown v. Granholm, No. 2:06cv12485 (filed June 2, 2006).  Class certification has also been denied in that case, which raises issues overlapping with those plaintiffs attempt to raise in this case.

attempting to bring multiple, separate lawsuits by filing one complaint."  Id. at 10.   The

Magistrate Judge expressly and correctly analyzed the complaint under Fed.R.Civ.P. 20.  He also

concluded that dismissal of any misjoined party or claim was authorized by Fed.R.Civ.P. 21.

Because plaintiffs' claims do not arise from the same transaction or occurrence or series

of transactions or occurrences, permissive joinder was not appropriate under Fed.R.Civ.P. 20(a).[5]

Under the circumstances, the court would be authorized to "add or drop a party[,]" or "sever any

claim against a party[,]" as permitted by Fed.R.Civ.P. 21.  The Magistrate Judge is generally

correct that the manner in which the court handles misjoinder lies within its discretion.   See

R & R at 9 (quoting Michaels Bldg. Co. v. Ameritrust Co., N.A., 848 F.2d 674, 682 (6th Cir.

1988)).  However, Fed.R.Civ.P. 21 expressly provides that "[m]isjoinder of parties is not a

ground for dismissing an action."  As plaintiff Carney has noted in his objections, the R & R

does not identify any reason for dismissal other than misjoinder.

"To remedy misjoinder, . . . a court may not simply dismiss a suit altogether."  DirecTV,

Inc. v. Leto,  467 F.3d 842, 845 (3d Cir. 2006).   "Instead, the court has two remedial options: (1)

misjoined parties may be dropped 'on such terms as are just'; or (2) any claims against misjoined

parties 'may be severed and proceeded with separately.'"  Id. (citation omitted).  "Because a

district court's decision to remedy misjoinder by dropping and dismissing a party, rather than

_____

[5]In his objections, plaintiff Carney incorrectly cites to Fed.R.Civ.P. 18, which expressly
pertains to joinder of multiple *claims,* not multiple *parties*.
         Plaintiff also argues that Fed.R.Civ.P. 20(a) only requires "a single basis for
commonality, in either law or fact," for joinder to be acceptable.  However, this clearly refers to
subsection (B) of Rule 20(a)(1).  Subsection (A) of Rule 20(a)(1) must first be satisfied, and it is
this initial subsection which requires the joined parties to assert a right to relief "arising out of
the same transaction, occurrence, or series of transactions or occurrences[.]" It is this initial
subsection's requirements which are clearly not satisfied.

severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" Id.

In his objections, plaintiff Carney contends that the statute of limitations will have run on at least some of his claims if this action is dismissed and he is required to refile.[6]  On the other hand, the complaint in its current form is entirely unmanageable, and separate actions for each plaintiff are more appropriate for the just and efficient determination of the numerous and diverse claims in the complaint.  Under the circumstances, the proper course of action is to dismiss all plaintiffs from the action with the exception of plaintiff Carney, without prejudice to the institution of new, separate lawsuits by the remaining plaintiffs.  See Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997) ("In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs").

### Conclusion

IT IS HEREBY ORDERED as follows:

1.  The R & R of the Magistrate Judge is approved in part, insofar as it recommends denial of the Motion to Certify Class and the dismissal of all claims without prejudice, apart from those of plaintiff Jeffery Carney.  The R & R rejected in part, insofar as it recommends the dismissal of this action in its entirety.

---

[6]Although plaintiff Carney also argues that the claims of two other plaintiffs – Schultz and Manson – would be time-barred, the latter have not filed timely objections to the R & R.

6

2.  This action will proceed as a single-plaintiff action in the name of the first plaintiff, Jeffery Carney.  The remaining plaintiffs are dismissed from this action without prejudice, and they may therefore bring separate suits if they choose.

3.  Plaintiff Carney shall, within ***30 days*** of this order, file an amended complaint to re-assert his own claims from the original complaint, and omitting those claims and defendants which relate solely to other plaintiffs.  The amended complaint shall be a self-sufficient document and shall not incorporate by reference any portion of the original complaint.  Plaintiff Carney's failure to file an amended complaint as required by this order and within the required time period will result in the dismissal of this action without prejudice in its entirety.

4.  Any amended complaint filed by plaintiff Carney shall be screened as provided by law, and this action is referred to United States Magistrate Judge Timothy P. Greeley, pursuant to 28 U.S.C. § 636(b)(1)(A), both for screening and for all other pretrial matters, including resolution of the pending Motion for Temporary Restraining Order and Preliminary Injunction (doc. no. 36).

So ordered this 19th day of February, 2008.


 /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge

7