UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

JEFFERY CARNEY,

               Plaintiff,               Case No. 2:07-cv-83

v.                                   Honorable Wendell A. Miles

ROBERT TREADEAU, et al.,

               Defendants.

_____/

**OPINION AND ORDER**

Plaintiff Jeffery Carney filed a *pro se* prisoner civil rights action under 42 U.S.C. § 1983.  In his amended complaint he claims  that the forty-one named Defendants violated his rights in the following ways: (1) denial of access to the courts, (2) denial of a religious diet, (3) denial of due process at his misconduct hearing, (4) excessive force, (5) cruel and unusual punishment as a result of occasional denial of showers and denial of medically necessary shoes, (6) denial of adequate medical treatment, and (7) denial of magazines and oversized envelopes.  Plaintiff has filed a motion for a temporary restraining order and preliminary injunction (docket #36) directing Defendants to discontinue the use of chemical agents, provide him with prescription shoes, discontinue closing the food slot in hot weather, provide cable television access, provide proper medical treatment, discontinue interfering with communication and the exchange of legal documents between the parties, and refrain from transferring Plaintiff back to the Baraga Maximum Correctional Facility.[1]  The case has not yet been served.

---

[1]Plaintiff was housed at the Baraga Maximum Correctional Facility on April 30, 2007 when he filed the original complaint.  By February 26, 2008, when he filed his amended complaint, he had been transferred to the Muskegon Correctional Facility.

**<u>Temporary Restraining Order</u>**

Rule 65(b) of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders. Rule 65(b) authorizes a court to issue a temporary restraining order without notice to the adverse party only where the moving party demonstrates "immediate and irreparable injury, loss, or damage before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). A harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). The restrictions set forth in Rule 65(b) reflect the fact that a temporary restraining order, issued ex parte, is an extraordinary remedy and is inconsistent with the well-grounded rule that a party has notice and an opportunity to be heard prior to any court action. *First Technology Safety Systems, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) (citations omitted). The moving party bears the heavy burden of establishing the need for a temporary restraining order. *See Granny Goose Foods v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 432, 441 (1974). As more fully discussed below, Plaintiff has not demonstrated irreparable injury which would be remediable only by the extraordinary remedy of interim relief. Therefore, Plaintiff's motion for a temporary restraining order will be denied.

**<u>Preliminary Injunction</u>**

A preliminary injunction is an extraordinary remedy that should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Whether to issue a preliminary injunction is within the discretion of the district court. *Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the Court must consider and balance four factors: whether (1) the movant has shown a strong or substantial

likelihood of success on the merits; (2) the movant would suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest would be served by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court. *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994). A plaintiff bears the burden of persuading the court that the factors weigh in favor of granting a preliminary injunction. *Granny Goose Foods*, 415 U.S. at 441. Moreover, where a prison inmate seeks an order enjoining state prison officials, the District Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984). In the present case, none of the four factors weighs in favor of granting the extraordinary relief plaintiff requests.

To establish a likelihood of success on the merits, a plaintiff must show more than a mere possibility of success. *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 n.4 (6th Cir. 1977). The plaintiff must show a "strong" or " substantial" likelihood of success. *See Summit County Democratic Cent. and Executive Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004).

Plaintiff asks that the Defendants be directed to permit the parties to communicate and exchange legal pleadings and documents. The initial complaint in this matter was filed by eleven plaintiffs who sought to bring this case as a class action. Their motion for class certification was denied, and all claims asserted by the plaintiffs other than Jeffery Carney were dismissed. Because it is no longer necessary for Plaintiff Carney to communicate or exchange pleadings with the dismissed plaintiffs, a preliminary injunction is not warranted.

Plaintiff complains of inadequate medical treatment. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v.*

*Gamble*, 429 U.S. 102, 103-04 (1976).  The Eighth Amendment is violated when a prison official

is deliberately indifferent to the serious medical needs of a prisoner.  *Id.* at 104-05; *Comstock v.*

*McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).  However, not every claim by a prisoner that he has

received inadequate medical treatment states a violation of the Eighth Amendment.  *Estelle*, 429

U.S. at 105.  As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be
> said to constitute an unnecessary and wanton infliction of pain or to be
> repugnant to the conscience of mankind.  Thus, a complaint that a
> physician has been negligent in diagnosing or treating a medical
> condition does not state a valid claim of medical mistreatment under
> the Eighth Amendment.  Medical malpractice does not become a
> constitutional violation merely because the victim is a prisoner.  In
> order to state a cognizable claim, a prisoner must allege acts or
> omissions sufficiently harmful to evidence deliberate indifference to
> serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted).  Thus, differences in judgment between an inmate

and prison medical personnel regarding the appropriate medical diagnoses or treatment are not

enough to state an Eighth Amendment claim.  *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir.

1995).  In addition, a prisoner must generally "place verifying medical evidence in the record to

establish the detrimental effect of the delay in medical treatment."  *Napier v. Madison County, Ky.*,

238 F.3d 739, 742 (6th Cir. 2001).

Plaintiff's amended complaint reveals that Plaintiff has seen health care personnel

on many occasions.  He has been prescribed several medications for his hypertension, lotion and

hydrocortisone ointment for his dermatitis, and Nasalide for his sinus condition, although he is not

satisfied with the effectiveness of some of the medication and his medications have at times been

delayed.  Although the court does not discount any discomfort or ill-effects Plaintiff may  have

experienced, the court is unable to address medical issues and appropriate treatment on the present

record.  At this point in the proceeding, Plaintiff has not demonstrated that there is a strong possibility that he will succeed on his medical claims, or that he will suffer irreparable harm without a preliminary injunction.  Moreover, based upon the present record, I cannot conclude that the interests of third parties and the public at large weigh in favor of granting the preliminary injunction. *See  Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988).

Plaintiff next complains of the application of chemical agents.  He alleges that on November 30, 2004, officers were preparing to spray a chemical agent in the cell across from Plaintiff's cell.  Plaintiff informed the officers that he had respiratory problems.  Nonetheless, the officers sprayed the chemical agent, causing Plaintiff to hyperventilate and regurgitate.  On December 21, 2005, Plaintiff was sprayed with a chemical agent that caused him to experience an asthma attack.  When addressing a claim of cruel and unusual punishment or excessive force, the inquiry is whether the force used was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  *Hudson v. McMillian*, 503 U.S. 1, 5-6 (1992).  "To determine such motivations on the part of correctional officers, courts should consider the reasons or motivation for the conduct, the type and extent of force applied, and the extent of inflicted injury." *Caldwell v. Moore,* 968 F.2d 595, 600 (6th Cir.1992)**.**  The Supreme Court has instructed "[u]nless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain . . . the case should not go to the jury." *Whitley v. Albers*, 475 U.S.  312, 322 (1986).  Plaintiff's allegations do not give rise to a reliable inference that the officers acted maliciously and sadistically to cause Plaintiff harm.  Considering that this does not appear to be continuous and ongoing conduct by the officers, and that Plaintiff is no longer housed at the Baraga Maximum Correctional Facility, Plaintiff has not demonstrated that he will be irreparably injured without a preliminary injunction.  Nor, based upon the present record,

can the court conclude that the interests of third parties and the public at large weigh in favor of granting the preliminary injunction.  *See Glover,* 855 F.2d at 286-87

Plaintiff also complains of his food slot not being open in hot weather and the lack of cable television access.  "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  Prison officials must provide humane conditions of confinement, including adequate shelter.  *Farmer v. Brennan,* 511 U.S. 825, 832-33 (1994).  While comfortable prisons are not mandated and though restrictive or even harsh conditions do not violate the Eighth Amendment, a prisoner may not be subjected to a condition which strips him of the bare necessities of life.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  To prevail on a conditions-of-confinement claim, a prisoner must show that he suffered an objective, sufficiently serious deprivation (i.e., one that results in the denial of the minimal civilized measure of life's necessities) and that a prison official was deliberately indifferent to a substantial risk of serious harm.  *Farmer v. Brennen*, 511 U.S. 825, 834 and 842 (1994); *and see Bellamy v. Bradley*, 729 F.2d 416, 419 (6th Cir. 1984) (the deprivation of the basic necessities of life by prison officials constitutes an Eighth Amendment violation).  Cable television access is clearly not one of life's basic necessities, and his allegations do not demonstrate that the temperature in his cell during hot weather was so extreme as to constitute a serious deprivation.  Moreover, Plaintiff is no longer subjected to the conditions at the Baraga Maximum Correctional Facility.  Plaintiff, therefore, has failed to establish that he has a strong possibility of succeeding on this claim, or that he would suffer irreparable injury without the injunction.  Based upon the present record, I cannot conclude that the interests of third parties and the public at large weigh in favor of granting the preliminary injunction. *See Glover*, 855 F.2d at 286-87.

Finally, Plaintiff, who is currently housed at the Muskegon Correctional Facility, seeks an order directing that Defendants refrain from transferring him back to the Baraga Maximum Correctional Facility.  Plaintiff has no constitutional right to any particular placement or security classification.  "[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State . . . ." *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).  Nor does a change in security classification to a higher level of security, with nothing more, constitute the type of atypical and significant deprivation in which an inmate might have a liberty interest.  *See Sandin v. Conner*, 515 U.S. 472, 485-86 (1995); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997).  In the absence of a recognized liberty interest, placing plaintiff in higher security level facility or increasing his security classification does not raise an issue of constitutional magnitude.  Consequently, Plaintiff is not entitled to the preliminary relief he seeks.

## Conclusion

After reviewing Plaintiff's motion for a temporary restraining order and preliminary injunction and Plaintiff's amended complaint, the court finds that Plaintiff has failed to meet the heavy burden of establishing the need for injunctive relief.  Therefore,

IT IS ORDERED that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (docket #36) is DENIED.

So ordered this 11th day of September, 2008.

 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge